**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:          In the Interest of C.J., a Child

Appellate case number:       01-19-00704-CV

Trial court case number:      2018-00169J

Trial court:                  313th District Court of Harris County

This is an accelerated appeal from an order terminating the parental rights of appellant, S.W. On September 18, 2019, retained counsel filed, on behalf of appellant, a notice of appeal of the trial court's September 5, 2019 "Final Decree for Termination." *See* TEX. R. APP. P. 25.1, 26.1(b), 28.4. The appellate record was due in this Court on September 30, 2019. *See id.* 4.1(a), 28.4, 35.1(b). A clerk's record was filed on October 1, 2019; however, a reporter's record has not been filed.

On October 2, 2019, the court reporter notified the Clerk of this Court that appellant had not requested a reporter's record and had not "paid or made arrangements to pay for the record and [was] not appealing as an indigent." *See id.* 35.3(b). On October 2, 2019, the Clerk of this Court notified appellant that the court reporter responsible for preparing the reporter's record had informed the Court that appellant had not requested a reporter's record or had not paid, or made arrangements to pay, for the reporter's record. *See id.* 37.3(c). The Clerk further notified appellant that unless she provided written evidence that she had paid, or made arrangements to pay, for the reporter's record, or provided proof that she is entitled to proceed without payment of costs by October 14, 2019, the Court might consider the appeal without a reporter's record. *See id.*

On November 4, 2019, the court reporter notified the Clerk of this Court that appellant had not requested a reporter's record. However, the court reporter also provided this Court with a motion to withdraw filed in the trial court by appellant's retained counsel. In the motion to withdraw, retained counsel asserted that appellant "is indigent and c[ould] no longer afford retained counsel." The motion also stated that appellant "request[ed] a court appointed counsel to perfect her appeal." A notice of hearing attached to retained counsel's motion indicated that a hearing was to be held on counsel's motion to withdraw and appellant's request for appointment of counsel on November 7, 2019.

On November 14, 2019, the Court abated this appeal and remanded the case to the trial court to immediately hold a hearing on retained counsel's motion to withdraw. We directed the trial court that, if retained counsel was permitted to withdraw, to determine whether appellant is indigent, to appoint new counsel to represent appellant if she is indigent, or to determine whether appellant may proceed pro se, after advising her of the dangers of self-representation. We also

directed the trial court to have a court reporter, or court recorder, record the hearing. And if the trial court held a hearing on November 7, 2019 and addressed all of the indigency-related matters fully, with a record, then we notified the trial court that an additional hearing was not required.

This Court further ordered the trial court clerk to file a supplemental clerk's record containing any written findings of fact and conclusions of law regarding the indigency-related issues as well as any orders permitting retained counsel to withdraw, determining if appellant is indigent, appointing new counsel, or allowing appellant to proceed pro se. And we ordered the court reporter to file a reporter's record of the hearing. The records were to be filed with the Clerk of this Court no later than 14 days from the date of this Court's abatement order.

On November 25, 2019, the court reporter filed a reporter's record of the trial court's November 7, 2019 indigency hearing; however, the reporter's record does not indicate whether retained counsel was permitted to withdraw, whether the trial court determined that appellant is indigent, whether appellant was appointed new counsel, or whether appellant was proceeding pro se. We have not received a supplement clerk's record.

Thus, we again order the trial court clerk to file a supplemental clerk's record containing any written findings of fact and conclusions of law regarding these issues as well as any orders permitting retained counsel to withdraw, determining if appellant is indigent, appointing new counsel, or allowing appellant to proceed pro se. To the extent necessary, we direct the trial court to ensure that the supplemental clerk's record is timely filed. *See id.* 35.3(c). **The supplemental clerk's record shall be filed with the Clerk of this Court no later than 7 days from the date of this order**.

Because this appeal involves the termination of the parent-child relationship, the Court is required to bring appellant's appeal to final disposition within 180 days of September 18, 2019, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature:  ____/s/ Julie Countiss____
☑ Acting individually    ☐ Acting for the Court

Date:  ___December 3, 2019____

2